# EXHIBIT "A"

07/03/2012   12:50                                (FAX)                        P.004/010

## SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – FORM B - PAGE 2

**Plaintiff or Plaintiff's Attorney Information:**

Name:

Benjamin Nazmiyal Law Group , P.C

Address:

209 Main St.

Fort Lee, NJ, 07024

Telephone No.: (201)  377  - 3403

Alvaro Sosa

_____ , Plaintiff(s)

versus

Financial Recovery Services, Inc.

_____ , Defendant(s)

| | |
|---|---|
| Demand Amount: | $ 10000 |
| Filing Fee: | $ 50 |
| Service Fee: | $ |
| Attorney's Fees: | $ |
| **TOTAL** | $ 10050 |

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION, SPECIAL CIVIL PART**

PASSAIC            COUNTY

77 Hamilton St.

Paterson, NJ 07505

(908)  247 - 8000          DC-009937-12

Docket No.: _____
                 (to be provided by the court)

**Civil Action**

**SUMMONS**

(Circle one): ☒ Contract     or    ☐ Tort

**Defendant(s) Information:  Name, Address & Phone:**

Financial Recovery Services, Inc.

4900 Viking Drive, Edina, MN 55435

_____

_____

**Date Served:  07/05/2012**

### RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)

Docket Number: _____   Date: _____              Time: _____

WM___ WF___ BM___ BF___ OTHER____ HT_____ WT_____ AGE_____ MUSTACHE_____ BEARD_____ GLASSES_____

NAME: _____        RELATIONSHIP:_____

Description of Premises: _____

I hereby certify the above to be true and accurate:

_____ Court Officer

### RETURN OF SERVICE IF SERVED BY MAIL (For Court Use Only)

I, Liz Falzone, hereby certify that on 07/05/2012, I mailed a copy of the within summons and complaint by regular and certified mail, return receipt requested.

_____
Employee Signature

FILED May 10, 2012

07/03/2012   12:50                                           (FAX)                    P.005/010

Benjamin Nazmiyal Law Group, P.C.
209 Main St.
Suite 3A
Fort Lee, NJ, 07024
(201) 379-5507 – Telephone
(201) 849-5407 – Facsimile
Attorneys for Plaintiff
        Alvaro Sosa

# SUPERIOR COURT OF NEW JERSEY
# LAW DIVISION SPECIAL CIVIL PART
# PASSAIC COUNTY

Alvaro Sosa,
Plaintiff

        v.

Financial Recovery Services, Inc.,
Defendant(s).

Docket No.    DC-009937-12


PLAINTIFF'S COMPLAINT


Benjamin Nazmiyal, Esq.

Plaintiff, complaining of Defendant(s), states as follows:

## COMPLAINT

### Introduction

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692, et seq.* (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### Parties

2.  Plaintiff, Alvaro Sosa, is an adult residing in Passaic County, New Jersey.

3.  Defendant Financial Recovery Services, Inc. is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 4900 Viking Drive, Edina, MN 55435. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4.  Defendant is a "debt collector" as defined by *15 U.S.C. § 1692a(6)* of the FDCPA.

5.  Plaintiff is a "consumer" as defined by *15 U.S.C. § 1692a(3)* of the FDCPA.

### Factual Allegations

6. Financial Recovery Services, Inc. attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Citibank (South Dakota), N.A.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. The written notice required under FDCPA § 1692g was not sent within five days of the initial contact, as required by the FDCPA, and in fact at no time was such notice sent to Plaintiff or Plaintiff's counsel.

9. In an attempt to collect the debt, Defendant Financial Recovery Services, Inc.'s employee Nick called on or about July 26, 2011, at approximately 10:43 AM, and failed to identify the call as being from a debt collector attempting to collect a debt.

10. Plaintiff sent a letter to Financial Recovery Services, Inc. on July 25, 2011 timely disputing this debt and demanding its validation.

11. Financial Recovery Services, Inc. failed to validate this debt, ignoring the debt validation request sent on July 25, 2011.

12. Financial Recovery Services, Inc. continued collection efforts following Plaintiff's July 25, 2011 validation demand despite Defendant's failure to validate, in violation of the FDCPA.

13. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its

actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## Claims for Relief

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by *15 U.S.C. § 1692a(2)* and *1692a(5)* of the FDCPA.

Defendant Financial Recovery Services, Inc. violated numerous provisions of the FDCPA, including, but not limited to, the following.

The FDCPA requires that "within five days after the initial communication with a consumer in connection with the collection of any debt, a "debt collector" must send the debtor a written validation notice containing certain information. 15 U.S.C. § 1692g (a). The notice must inform the debtor of the amount of the debt, the name of the creditor,

and state that the debt will be assumed valid if the debtor does not dispute its validity within 30 days of the receipt of the notice. Id. § 1692g (a) (1)-(3). Furthermore, the notice must include a statement that if the debtor disputes the debt within 30 days of the notice, the debt collector will obtain and send the debtor verification of the debt and, upon written request, send the debtor the name and address of the current creditor, if different from the original creditor. Id. § 1692g (a) (4)-(5). Not only did Defendant fail to send the required notice within five days of the initial communication as required, such information was, in fact, never sent.

Financial Recovery Services, Inc. continued to collect the debt after Plaintiff's July 25, 2011 demand for validation, despite Defendant's failure to validate the debt. This is a violation of FDCPA, 15 USC 1692g(b).

The FDCPA § 1692e(11) requires that a debt collector disclose in all communications that the communication is from a debt collector. Defendant failed to identify themselves as debt collectors.

As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up $1,000, attorney's fees and costs.

Wherefore, Plaintiff respectfully submits that judgment in the sum of $10,000 be entered against Defendants for the following:

    (a) That judgment be entered against Defendant for actual damages pursuant to *15 U.S.C. § 1692k(a)(1)*;

    (b) That judgment be entered against Defendant for statutory damages pursuant to *15 U.S.C. § 1692k(a)(2)(A)*;

(c) That the Court award costs and reasonable attorney's fees pursuant to *15 U.S.C. § 1692k(a)(3)*; and

(d) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

Benjamin Nazmiyal Law Group, P.C.
Attorneys for Plaintiff
Alvaro Sosa
By: _____
        Benjamin Nazmiyal
        May 06, 2012

**Rule 4:51-1 Certification**

The undersigned attorneys for the plaintiff certify that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I certify that confidential person identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7b.

**Certification**

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: May 06, 2012          Signature: _____
                                              Benjamin Nazmiyal

07/03/2012   12:50                                      (FAX)                    P.003/010

Benjamin Nazmiyal Law Group, P.C.
209 Main Street,
Fort Lee, NJ, 07024
(201) 379-5507 – Telephone
(201) 849-5407 – Facsimile

## Out of State Certification

Benjamin Nazmiyal, of full age, hereby certifies as follows:

1. Defendant Financial Recovery Services, Inc. is located at 4900 Viking Drive,

   Edina, MN 55435.

2. Financial Recovery Services, Inc. does not have an address in New Jersey, but is

   subject to jurisdiction in New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

Date: May 06, 2012                    Signature: _____